ORIGINAL

**FILED**

04/11/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0100

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 23-0100

FILED

APR 1 1 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

STATE OF MONTANA,

Plaintiff and Appellee,

v.

ANTHONY CRAIG WEIMER,

Defendant and Appellant.

O R D E R

Self-represented Appellant Anthony Craig Weimer has filed five pleadings with this Court: (1) Disqualification of Justice(s) and Request for Disclosure of Others; (2) Request for Emergency Suspension of the Rules; (3) "Emergency Motion to Stay Judgment and For Immediate Release;" (4) Supplemental Appendix to Emergency Motion to Stay Sentence, providing that the Flathead County District Court will hold a hearing on his motion to stay judgment on March 29, 2023, and (5) "Motion for Court Order of Transfer Copy of Record to Defendant and Notice Regarding District Court Order (DKT 281)." Appellee State of Montana has not filed a response.

First, Weimer "disqualifies Justice Mike McGrath from hearing or deciding matters in this appeal." Weimer lists three reasons. He contends that Chief "Justice McGrath conspired with [Judge] Ulbricht to deny her disqualification" and admits that his notice was not a "motion" and did not contain an affidavit, pursuant to § 3-1-805, MCA. He further contends that this Court erred in denying his 2022 petition for a writ of supervisory control because "[t]he issues would have resolved the case without going to trial." Weimer asks for disqualification of Chief Justice McGrath and Justice Shea because "they are Catholic." He alleges that the Chief Justice has "exhibited egregious misconduct on Weimer" and has "infringe[d] upon Weimer's fundamental rights and harass him." Weimer also requests disclosure of the Justices' religious affiliations and beliefs.

Second, pursuant to M. R. App. P. 29, Weimer requests suspension of the rules in a verified filing based upon good cause. He states that expediting the decision in this matter is proper because he has been incarcerated at the Missoula Assessment Sanction Center (MASC) for more than two months and lacks access "to adequate legal resources . . . ." He reiterates that his underlying case could have been decided in his writ of supervisory control last year, avoiding the need for a trial.

Third, Weimer moves this Court to stay the court's judgment and to release him immediately. As grounds, he states that "Weimer had filed a motion to stay in the trial court." He adds that his motion in District Court was denied. He points out that "[p]ursuant to § 46-9-107, MCA, a person intending to appeal must be admitted to bail." (Emphasis in original). Weimer renewed his motion and the court set a hearing for March 29, 2023. He provides that he cannot appear in person because he is incarcerated and because "[t]he facility does not offer services compatible with the requirements for a defendant['s appearance before a judge . . . ." He puts forth that he does not trust the presiding judge. He requests that this Court "issue an order staying judgment and the release of Weimer's incarceration." Fourth, Weimer includes his notice of non-ability to participate in the court-ordered hearing set for March 29, 2023, due to MASC's lack of services.

Lastly, Weimer moves this Court to transfer a copy of the District Court record to him while he is incarcerated at MASC. He points out that he has no access to the record. He also points out that the District Court filed its order granting his request for payment of transcripts.

Weimer misunderstands Montana law. Weimer's first pleading for disqualification and disclosure is not appropriate or proper because he misconstrues the facts. The reason for the denial of his motion for disqualification was due to untimeliness—the motion was not filed thirty days before trial. He presents none of the criteria listed in § 3-1-803, MCA, for disqualification of a justice. Weimer provides no legal authority for his other request concerning religious affiliation. Weimer's request for the suspension of rules is not warranted. He has not shown good cause. Sections 46-20-204, and -205, MCA, govern a

request for a stay in a criminal proceeding. *See* M. R. App. P. 22(6). For Weimer, § 46-20-204(2), MCA, provides that "[i]f an appeal is taken and the defendant is admitted to bail, a sentence of imprisonment must be stayed by the trial court or by the reviewing court." We point out that the State moved the District Court to transport and detain Weimer for this hearing, as listed in this Court's docket on March 30, 2023. The District Court considered Weimer's motion for a stay and immediate release, and Weimer was able to appear for the hearing.

Lastly, this Court will provide copies of the record to Weimer, beginning when Judge Ulbricht became the presiding Judge. There are about 146 items. This Court will not entertain another request for copies after this Order. Therefore,

IT IS ORDERED that Weimer's:

1. Disqualification of Justice(s) and Request for Disclosure of Others is DENIED;

2. Request for Emergency Suspension of the Rules is DENIED;

3. "Emergency Motion to Stay Judgment and For Immediate Release;" is DENIED;

4. Supplemental Appendix to Emergency Motion to Stay Sentence, providing that the Flathead County District Court will hold a hearing on his motion to stay judgment on March 29, 2023, is DEEMED moot; and

5. "Motion for Court Order of Transfer Copy of Record to Defendant and Notice Regarding District Court Order (DKT 281)" is GRANTED in part, and the Clerk of the Supreme Court will mail copies of the documents from item #131 to item # 285, except for item #261(pre-sentence investigation report), to Weimer at his last known address.

The Clerk is also directed to provide a copy of this Order to counsel of record and to Anthony Craig Weimer personally.

DATED this 11 day of April, 2023.



Justices

Chief Justice Mike McGrath did not participate in this matter.